UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MCLEOD TRAHAN SHEFFIELD P.T. SERVICES** | **CIVIL ACTION NO. 07-1471** |
| VS. | JUDGE DOHERTY |
| UNITED STATES POST OFFICE USA | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION*
*ON MOTION TO DISMISS*
*(Rec. Doc. 4)*

On October 10, 2007, the United States of America, through the United States Attorney for the Western District of Louisiana, filed a motion to dismiss due to the court's lack of subject matter jurisdiction over plaintiff's claims. Plaintiff does not oppose the motion.[1]

For the reasons set forth below, it is recommended that defendant's motion to dismiss be **GRANTED** because this court lacks subject matter jurisdiction.

*Background*

On June 27, 2007, plaintiff, McLeod Trahan Sheffield P.T. Services, filed a Disputed Claim for Compensation in the Office of Workers' Compensation, District 4, State of Louisiana.[2] Plaintiff seeks reimbursement for health care services it provided to a federal employee for injury he sustained while working. On September 5, 2007, defendant removed the action to this court because the Federal Employees' Compensation Act ("FECA"),

---

[1] Local Civil Rule 7.5W requires that any response be filed within 15 days after service of the motion. Federal Rule of Civil Procedure 6(e) allows an additional three days where service is made by mail. The instant motion was filed on October 10, 2007, and therefore the opposition was due on October 28, 2007. To date, no opposition has been filed.

[2] Rec. Doc. 1-1.

2

5 U.S.C. § 8102, is the exclusive remedy for actions arising when a federal employee is injured on the job.

## *Legal Analysis*

Defendant argues that plaintiff's claims should be dismissed due to this court's lack of subject matter jurisdiction over these claims.

**Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction must be granted when the court lacks the statutory or constitutional power to adjudicate the case.  Home Builders Ass'n of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998) *quoting* Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996).  The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction.  Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984).  A district court may dismiss an action for lack of subject matter jurisdiction by reference to any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir.1997); Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981).

The United States enjoys sovereign immunity from all suits, except in those limited situations where sovereign immunity has expressly been waived.  United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).  If the United States has not consented to being sued, the court lacks jurisdiction and the action must be dismissed. Id.

3

**FECA**

FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees and states that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty ...." 5 U.S.C. § 8102(a); 20 C.F.R. § 10.1. In enacting the FECA, "Congress adopted the principal compromise – the 'quid pro quo' – commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983).

FECA provides a wide range of benefits including payment of wage loss, compensation for partial or total disability, related medical costs and vocational rehabilitation, and schedule awards for loss of use of specified members of the body. 5 U.S.C. §§ 8103- 8113. The Secretary of Labor administers FECA and has the power to prescribe rules and regulations necessary for the enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated this authority to the Office of Workers' Compensation Programs ("OWCP"). 20 C.F.R. § 10.2.

An employee covered by FECA is entitled to receive all medical services and supplies prescribed by a qualified physician. 20 C.F.R. § 10.210(a). A qualified provider of medical services may seek reimbursement in accordance with OWCP regulations and the medical fee schedule. 20 C.F.R. § § 10.803, 10.805, 10.806. The medical bills must be submitted to the OWCP as itemized charges by the end of the calendar year after the calendar year in which the services were provided. 20 C.F.R. § 10.803. If the charges are reduced according to the medical

4

fee schedule, the provider, within 30 days of payment, request reconsideration to the district office. 20 C.F.R. § 10.812. Within 30 days of receiving the request, the OWCP district office must issue a decision. Id. The medical provider may appeal to the OWCP Regional Director. Id. "This decision shall be final, and shall not be subject to further review." 20 C.F.R. § 10.812(b), see also 5 U.S.C. § 8128(b) the decision is "final and conclusive for all purposes and with respect to all questions of law and fact" and are "not subject to review by another official of the Unites States or by a court by mandamus or otherwise."

Thus, FECA provides the exclusive remedy for a medical provider seeking reimbursement for services provided to a covered employee. Further, the United States refused to waive sovereign immunity in FECA cases, and instead the applicable statute expressly prohibits judicial review. Accordingly, a federal court lacks subject-matter jurisdiction over claims covered by FECA and claims in which there is a substantial question regarding whether or not the claims are covered by FECA. See 5 U.S.C. § 8128(b); White v. United States, 143 F.3d 232, 234 (5th Cir.1998).

In the case at bar, it is undisputed that FECA is applicable to plaintiff's claims for payment of medical expenses. Accordingly, the remedy for plaintiff is to pursue its claims within the regulatory scheme outlined above.

## *Conclusion*

For the foregoing reasons, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claims. It is therefore recommended that the motion to dismiss filed by defendant be **GRANTED**.

5

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on April 3, 2008.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)